IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MAPP, | ) | |
| | ) | |
| **Plaintiff**, | ) | **2:20-cv-978** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **JEREMY B. LYNN and CO JOHN DOE (1-5)**, | ) | |
| | ) | |
| | ) | |
| **Defendants**, | ) | |
| | ) | |

## ORDER

Plaintiff has filed a Motion for Entry of Default Judgment against Defendant under Rule 55(b)(2).  ECF No. 6.  Federal Rule of Civil Procedure 55 sets forth a two-step process for a party to obtain a default judgment against another party.  "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.).  Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. Proc. 55(a).  "Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction."  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 n. 11 (3d Cir. 1992).

Defendant has not filed an Answer, which was due on September 11, 2020.  In Plaintiff's Motion for Entry of Default Judgment, counsel states that he has spoken with an attorney representing Defendant who indicated that Defendant will not be filing an Answer.  Plaintiff has therefore shown by "affidavit or otherwise" that Defendant has failed to plead in this action.

Fed. R. Civ. Proc 55(a).  The Court finds that, as a result of Defendant's failure to plead, Defendant is in Default.

After obtaining a Default, the party may request the entry of Default Judgment, either from the Clerk, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. Proc. 55(b)(1) & (2).  In this case, a hearing must be set to determine damages.  10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2682 ("[d]amages must be fixed before an entry of default can become a default judgment").

Accordingly, the following is hereby entered.


The Clerk SHALL enter Default against Defendant.

It is further ORDERED that a telephonic status conference to discuss a damages hearing is hereby set for November 3, 2020, at 10:00 AM.  All counsel and parties shall dial-in pursuant to the Notice Regarding Telephone Procedures filed on the docket at ECF No. 7.

Plaintiff shall personally serve this Order, and the Notice Regarding Telephone Procedures, ECF No. 7, upon Plaintiff FORTHWITH, and thereafter shall file a Notice with the Court stating when said personal service occurred.


**IT IS SO ORDERED:**


                                        BY THE COURT:

                                        s/*Marilyn J. Horan*
                                        Marilyn J. Horan
                                        United States District Judge


2